UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TSHOMBE MILLER, | ) | CASE NO: 4:19-CV-2710 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN, EDWARD SHELDON, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Respondent. | ) | |

I. Introduction

Petitioner, Tshombe Miller, an Ohio prisoner serving an aggregate prison term of four consecutive life sentences, plus 49 years for rape, rape, under the age of 13, and gross sexual imposition, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 6, 2019. Respondent, Warden Edward Sheldon, has moved to dismiss Miller's petition, because Miller has failed to exhaust state court remedies on his Grounds Four, Six, Seven and part of his Ground Three claim for relief and because Miller's Ground Five claim is procedurally defaulted. (ECF No. 9).

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Miller's petition and other case-dispositive motions. Because Miller's Ground Five claim for relief is procedurally defaulted, I recommend dismissing his claim. Additionally, because Miller failed to exhaust state remedies on his

1

Ground Four, Six, Seven, and part of Ground Three[1] claims for relief, I recommend that the Court give Miller the option to either dismiss those claims or have his entire petition dismissed. Lastly, because Miller exhausted his Ground One, Two, and part of Three claims and the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations would likely prevent Miller from filing a new petition asserting all his claims after his state post-conviction proceedings are completed, I recommend that the court DENY Sheldon's motion to dismiss.

II. Procedural History

    A. State Conviction

On July 21, 2016, a Mahoning County, Ohio grand jury indicted Miller on ten counts of rape of a victim less than 13, in violation of Ohio Rev. Code § 2907.02(A)(1)(b)(B)), ten counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(2)(B)), and one count of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(4)(C)). (ECF No. 9-1 at Ex. 1). After a trial, a jury found Miller guilty of all counts. On August 8, 2017, the court sentenced Miller to an aggregate prison term of four consecutive life sentences, plus 49 years and classified him as a Tier III sex offender. (ECF No. 9-1 at Exs. 20-21).

    B. Direct Appeal, Case No.

On August 22, 2017, Miller represented by counsel, appealed to the Ohio Court of Appeals, raising two assignments of error:

**Assignment of Error I:** Appellant was denied due process of law pursuant to both the United States and Ohio constitutions, had his right to protection

---

[1] Miller's Ground Three claim for relief raises ineffective assistance of both his trial and appellate counsel. Miller exhausted his claim regarding ineffective assistance of his appellate counsel by raising this claim in his application to reopen his direct appeal pursuant to Ohio App. Rule 26(B). However, Miller failed to raise his claim regarding ineffective assistance of his trial counsel in any state proceeding. Therefore, the part of his Ground Three claim regarding ineffective assistance of his trial counsel is unexhausted.

>against double jeopardy violated and was further deprived his rights pursuant to Article I, Section 10 of the Ohio Constitution as the State failed to distinguish the alleged crimes through indictment, bill of particulars and/or at trial.
>
>**Assignment of Error II:** Appellant was denied due process of law pursuant to both the United States Constitution and Ohio Constitution as there is no way to know that the jurors who convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.

(ECF No. 9-1 at Ex. 23). On August 21, 2018, the court of appeals affirmed the judgment of the trial court. (ECF No. 9-1 at Ex. 25). Miller, pro se, appealed to the Ohio Supreme Court on September 17, 2018. (ECF No. 9-1 at Ex. 26). Miller's memorandum in support of jurisdiction raised the following:

>**Proposition of Law I:** Appellant was denied due process of law pursuant to both United States and Ohio constitutions, had his right to protection against double jeopardy violated, and was further deprived his rights pursuant to Article I, Section 10 of the Ohio Constitution as the State failed to distinguish the alleged crimes through indictment, the bill of particulars and/or at trial.
>
>**Proposition of Law II:** Appellant was denied due process of law pursuant to both the United States and Ohio Constitution as there is no way to know that the jurors who convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.

(ECF No. 9-1 at Ex. 27). On November 7, 2018, the Ohio Supreme Court declined jurisdiction. (ECF No. 9-1 at Ex. 29). On November 29, 2018, Miller, pro se, filed a Petition for a Writ of Certiorari with the United States Supreme Court. (ECF No. 9-1 at Ex. 30). Miller's petition presented the following questions:

>**Question I:** Is "carbon copy" charging of multiple allegations of rape violative of due process and/or double jeopardy pursuant to the United States and Ohio Constitution and/or violative of due process under Article I, Section 10 of the Ohio Constitution?
>
>**Question II:** Does "carbon copy" charging of multiple allegations of rape violate a defendant's due process rights as to juror consensus?

(Id.) On February 19, 2019, the United States Supreme Court denied Miller's petition for writ of certiorari. (ECF No. 9-1 at Ex. 32).

3

C. Application to Reopen Appeal

On October 15, 2018, Miller filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. Rule 26(B), alleging that his appellate counsel was ineffective for failing to raise the following arguments on appeal:

> **Argument I:** Appellant was denied due process of law under the Sixth and Fourteenth Amendments of the United States Constitution and Article I Section 10 of the Ohio Constitution as the State failed to provide Appellant with accusations through Indictment, Discovery, Bill of particulars, and/or Notice of intent to use evidence.
>
> **Argument II:** Appellant was denied the right to effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to challenge for cause or use peremptory challenge to excuse jurors from sitting on the jury.
>
> **Argument III:** Appellant was denied the right to effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution when trial counsel failed to object to the prosecutor's improper comments during the closing arguments.
>
> **Argument IV:** Appellant was denied the effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution when trial counsel failed to call defense witness to testify.
>
> **Argument V:** Appellant was denied effective assistance of counsel guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to investigate defense for the appellant.

(ECF No. 9-1 at Ex. 33). The Ohio Court of Appeals denied the application on November 30, 2018. (ECF No. 9-1 at Ex. 35). Miller did not appeal to the Ohio Supreme Court.[2] However, on April 8, 2019, Miller moved to amend his 26(B) application. (ECF No. 9-1 at Ex. 36). On April

---

[2] Miller asserts that that he filed a motion for a delayed appeal which was denied by the Ohio Supreme Court. (*Id.*); (ECF No. 10-2). The court notes that the Ohio Court of Appeals incorrectly sent the Judgment denying Miller's application to reopen his appeal to his prior appellate counsel rather than Miller who was proceeding *pro se* at the time. (ECF Doc. 9-1 at Ex. 40). It appears Miller filed a motion for a delayed appeal asserting that he was unable to timely appeal the denial of his application to reopen his appeal because he was not served with the Judgment denying his application. (*Id.*). The court was unable to find any record of the Ohio Supreme Court ruling on Miller's claim. However, Miller asserts that his motion was denied.

30, 2019, the Ohio Court of Appeals overruled Miller's motion to amend. (ECF No. 9-1 at Ex. 37).

   III.   Federal Habeas Corpus Petition

On November 6, 2019, Miller pro se filed petitioned for a writ of habeas corpus from this court. (ECF No. 1). Miller's petition asserted seven grounds for relief:

> **Ground One:** Petitioner was denied due process of law pursuant to the Sixth and Fourteenth Amendment of the United States Constitution, had his right to protection against double jeopardy violated as the State failed to distinguish the alleged crimes through indictment, the bill of particulars and/or at trial.
>
> **Supporting Facts:** Carbon copy charing [*sic*] of multiple allegations of rape violate due process and/or double jeopardy pursuant to the United States Constitution.
>
> **Ground Two:** Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution as there is no way to know that the jurors who convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.
>
> **Supporting Facts:** Carbon copy charing [*sic*] of multiple allegations of rape violate a defendant's due process rights as to juror consensus on all charges.
>
> **Ground Three:** Petitioner was denied due process of law pursuant to the Sixth and Fourteenth Amendment to the United States Constitution, had ineffective assistance of counsel at trial and on appeal when the State failed to provide petitioner with accusations through Indictment, Discovery, Bill of particulars, and/or Notice of intent to use evidence.
>
> **Supporting Facts:** 1) The indictment, discovery, bill of particulars, and/or Notice of Intent to use evidence did not advise the petitioner of the nature and cause of the accusation. 2) Petitioner had not been provided with the necessary information to properly prepare for trial, and meet the State's case, and avoid surprise upon the trial.
>
> **Ground Four:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States [*sic*] when trial counsel failed to challenge for cause or use peremptory challenge to excuse jurors from sitting on the jury.
>
> **Supporting Facts:** 1) Jurors were not fair and impartial. 2) Jurors had personal relationship with prosecutors. 3) Jurors personal relationships with prosecutors, their jobs, and relatives infected their decisions to be fair and impartial.
>
> **Ground Five:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States

> Constitution when trial counsel failed to object to the prosecutor's improper comments during the closing arguments.
>
> **Supporting Facts:** 1) Prosecutorial Misconduct; 2) Prosecutor improperly made comments to emotionally charge the jury.
>
> **Ground Six:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to call defense witness to testify.
>
> **Supporting Facts:** 1) Trial counsel failed to actively advocate his client's defense. 2) Trial counsel did not interview the witness, conduct any legal research, spent little time preparing for the petitioner's trial.
>
> **Ground Seven:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to investigate a defense.
>
> **Supporting Facts:** 1) Trial counsel's ineffective assistance to seek out and prepare a defense before the start of trial deprived Miller of his right to effective assistance of counsel and a fair trial. 2) Had Miller's medical records been circulated the outcome would have been different.

(ECF No. 1). On March 12, 2020, Warden Sheldon moved to dismiss Miller's petition in its entirety as a mixed petition, because Miller failed to exhaust his state court remedies on Ground Three, Four, Six, and Seven claims. (ECF No. 9).

IV. Law and Analysis

    A. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Miller's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest

6

court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

Sheldon argues that Miller's claims in Ground Four, Six, Seven, and part of Three are unexhausted because Miller failed to raise these claims in the state court.[3] (ECF No. 9). Indeed, because Miller failed to raise all of his claims in the state court proceedings, he has not given the state courts a full opportunity to rule on his claim in Ground Four, Six, Seven and part of Three. *O'Sullivan*, 526 U.S. at 845; *Manning*, 912 F.2d at 881; ECF No. 9-1 at Ex. 33. Thus, Miller's Ground Four, Six, Seven, and part of Three claims may not be considered by this court because they are unexhausted.

B.  Dismissal and Stay

Because Miller did not exhaust Grounds Four, Six, Seven and part of Three, but exhausted his Grounds One and Two claims, his habeas petition is a "mixed petition". *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). Warden Sheldon argues that the court should dismiss Miller's entire petition as a mixed petition. (ECF No. 9). Sheldon acknowledges that *Rhines* provides authority for this stay and abeyance a mixed habeas petition. (*Id*.). However, Sheldon contends that Miller cannot not meet his burden for a stay and abeyance under the *Rhines* test. (*Id*.).

When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice. *See Rose*, 455 U.S. at 510. When a mixed petition is dismissed, and the petitioner thereafter exhausts his state court remedies, the petitioner may file a new habeas petition without his petition being treated as an unauthorized second or successive petition. *See Slack v.*

---

[3] In the relevant part of Ground Three here, Miller argues that he was denied effective assistance of trial counsel "when the State failed to provide [him] with accusations through Indictment, Discovery, Bill of particulars, and/or Notice of intent to use evidence." He argues that the defense was not provided the necessary information to properly prepare for trial, meet the State's case, and "avoid surprise upon the trial." (ECF No. 1 at 9).

*McDaniel*, 529 U.S. 473, 487 (2000). After AEDPA established a one-year statute of limitations on habeas petitions, however, the Supreme Court determined that the dismissal of an entire petition could potentially preclude the petitioner from bringing his already exhausted claims in a new petition. *See Rhines*, 544 U.S. at 274–75. To avoid statute of limitations problems, the Court held that district courts may use their inherent stay authority to hold in abeyance mixed habeas petitions in order to allow the petitioner the opportunity to bring unexhausted claims to conclusion in state court. *Id.* at 275 (noting that, without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims). Nonetheless, the Supreme Court warned that the frequent stay and abeyance of mixed federal habeas petitions could: (1) undermine AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings; and (2) decrease a petitioner's incentive to exhaust all his state claims before filing his federal petition. *Id*. at 277. Thus, before considering whether a stay is appropriate, the court should first determine whether the statute of limitations tolling provision under 28 U.S.C. § 2244(d)(2) would preserve the opportunity to litigate the petitioner's already-exhausted claims in a new petition filed after the unexhausted claims were fully considered in state court. *Cf. id.* at 276–77 (noting that Congress enacted AEDPA against the backdrop of the total exhaustion requirement and that included a tolling provision in 28 U.S.C. § 2244(d)(2) in order to balance the interests served by the exhaustion requirement and the limitation period).

AEDPA's one-year limitations period begins to run when: (1) the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review; (2) the improper state-created impediment to filing an application is removed; (3) the constitutional right asserted is recognized by the Supreme Court; or (4) the petitioner discovers, or could have

discovered through due diligence, the factual predicate for his claim. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period is tolled for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Rhines*, 544 U.S. at 274.

An Ohio prisoner may properly file a post-conviction motion within 365 days of: (1) the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction; or (2) the date the time to file a timely direct appeal expired, if the defendant did not file a timely direct appeal. Ohio Rev. Code § 2953.21(A)(2). When a trial court dismisses a timely post-conviction petition, the court must "make and file findings of fact and conclusions of law with respect to such dismissal." Ohio Rev. Code § 2953.21(D). If the petitioner's already-exhausted claims would not be tolled under 28 U.S.C. § 2244(d)(2), courts consider the following factors in determining whether to stay a habeas petition: (1) whether the petitioner had good cause for failing to exhaust his claims in state court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner is engaged in intentionally dilatory litigation tactics. *Id*. at 277–78. When a stay is not appropriate and AEDPA's statute of limitations would bar the petitioner from raising in a new petition his already-exhausted claims, the district court may permit the petitioner to amend his petition to remove his unexhausted claims and proceed on only his exhausted claims. *Id.* at 278.

Here, it is unlikely at this juncture that the statute of limitations tolling provision under 28 U.S.C. § 2244(d)(2) would preserve the opportunity for Miller to litigate the his already-exhausted claims in a new petition filed after the unexhausted claims are fully considered in state court. Therefore, the court has serious concerns that a the dismissal without prejudice of the instant timely-filed "mixed" petition may result in a statute-of -limitations bar to review of any subsequent

petition filed Miller after he exhausts the arguably available remedy of a petition for post-conviction relief.

Next, the court must look to the *Rhines* factors to determine whether a stay and abeyance is appropriate in this case. Miller fails to demonstrate good cause for failing to exhaust his claims in state court. Miller claims that he failed to exhaust his claims because he was not notified when the Ohio Court of Appeals denied his application to reopen his appeal and therefore was unable to timely appeal to the Ohio Supreme Court. (ECF No. 1). Miller further states that he filed a motion for a delayed appeal which was denied by the Ohio Supreme Court. (*Id.*). The court notes that the Ohio Court of Appeals incorrectly sent the Judgment denying Miller's application to reopen his appeal to his prior appellate counsel rather than Miller who was proceeding *pro se* at the time. (ECF No. 9-1 at Ex. 40). Additionally, the record demonstrates that Miller filed a motion for a delayed appeal with the Ohio Supreme Court. (ECF No. 10-2). Yet, the record does not demonstrate whether the Ohio Supreme Court ruled on Miller's motion. Nevertheless, whether or not the Ohio Supreme Court ruled on Miller's motion for a delayed appeal is of no consequence because Miller failed to raise his unexhausted claims in his application to reopen his appeal and, thus, they would not have been cognizable before the Ohio Supreme Court. Additionally, Miller's unexhausted claims appear to be meritless. Miller proposed his unexhausted claims—Grounds Four, Six, Seven and part of Three—as assignments of error in his application to reopen his direct appeal pursuant to Ohio App. Rule 26(B) and claimed that his appellate counsel was ineffective for failing to raise these arguments in his direct appeal. The Ohio Court of Appeals found these claims lacked merit and denied his request to reopen his appeal. (ECF No. 9-1 at Ex. 35).

There is no indication that Miller has engaged in intentionally dilatory litigation tactics in this case. Nonetheless, he has failed to show good cause for his failure to exhaust the claims

asserted in Grounds Four, Six, Seven, and part of Three and it does not appear that these claims will prevail on their merits. For these reasons, a stay is not warranted.

### C. Recommendation for Unexhausted Claims

When a stay is inappropriate in a mixed petition case and the petition would otherwise have to be dismissed in its entirety, a federal district court should give the petitioner an opportunity to file an amended petition that excludes the unexhausted claims. *See Rhines*, 544 U.S. at 278 ("if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."). Accordingly, this Court should: (1) deny Sheldon's motion to dismiss the habeas petition and direct Miller, within 15 days, to elect whether to dismiss his Fourth, Sixth, Seventh, and part of his Third grounds for relief or dismiss his entire petition; and (2) if Miller elects to dismiss his Fourth, Sixth, Seventh, and part of his Third grounds for relief, Sheldon should be required to file the Return of Writ in this matter within 30 days of Miller's election.

### D. Procedural Default

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal

court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).[4]

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each

---

[4] In *Maupin v. Smith*, the Sixth Circuit set forth a four-part test to be followed when the state argues that a habeas claim is defaulted because of a prisoner's failure to observe a state procedural rule. It is:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim.... [Fourth, o]nce the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

785 F.2d 135, 138 (6th Cir. 1986) (citations omitted).

and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of

13

one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Here, Miller's Ground Five claim is procedurally defaulted because he failed to raise it on direct appeal. Ohio law recognizes two variants of res judicata relating to collateral attacks on convictions: (1) the petitioner could have, but did not, bring the claim on direct review; and (2) the claim was actually brought and litigated on direct appeal. *Durr v. Mitchell*, 487 F.3d 423, 434 (6th Cir. 2007) (*citing Lundgren v. Mitchell*, 440 F.3d 754, 765 n.2 (6th Cir. 2006)). Only the first variant can form the basis for federal procedural default. *Id*. Ohio's reliance on res judicata to preclude a merits determination of a post-conviction claim that should have been, but was not, raised on direct appeal constitutes an adequate and independent state ground to bar federal habeas review. *Durr*, 487 F.3d at 432. In Ohio, "[w]hen a defendant is represented by new counsel on direct appeal, res judicata bars the defendant from raising the issue of ineffective assistance of trial counsel in later proceedings if the issue could fairly have been determined on direct appeal without resorting to evidence outside the record." *Landrum v. Mitchell*, 625 F.3d 905, 920 (6th Cir. 2010) (citing *Monzo v. Edwards,* 281 F.3d 568, 576-77 (6th Cir. 2002) (citing *State v. Cole*, 2 Ohio St.3d 112, 112, (1982))). "Ohio courts will consider an ineffective assistance of counsel claim based on evidence outside the record in a post-conviction petition." *Id*. (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994)); *State v. Smith*, 17 Ohio St.3d 98, n. 1 (1985); *Cole*, 2 Ohio St.3d at 113-14). Miller is barred from raising his Ground Five claim that his trial counsel was ineffective for failing to object to the prosecutor's statements in closing argument because the issue could have been fairly determined on his direct appeal without resorting to any evidence outside the record.

Seeking to excuse his default, Miller argues that he was denied effective assistance of appellate counsel by the failure of his counsel to raise this defaulted claim on direct appeal.

14

"Attorney error does not constitute 'cause' unless it rises to the level of a constitutional violation of the right to counsel under *Strickland*." *Monzo*, 281 F.3d at 577 (citing *Murray*, 477 U.S. at 488). The Ohio Court of Appeals addressed Miller's claim that his appellate counsel was ineffective. Miller raised his ineffective assistance of appellate counsel claim in his motion to reopen the appeal and the Ohio Court of Appeals denied his motion. (ECF No. 9-1 at Ex. 35). The court correctly noted that such claims are judged under the two-part test established in *Strickland v. Washington*, 466 U.S. 688 (1984). "The inquiry utilizes the standard two-part test for ineffective assistance of counsel where both prongs must be met: deficient performance and resulting prejudice." (ECF No. 9-1 at Ex. 35) (citing *State v. Tenance*, 109 Ohio St.3d 451 (citing *Strickland*, 466 U.S. 668 at 687)). The court also noted "[i]n evaluating an alleged deficiency in performance, our review is highly deferential to counsel's decisions as there is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance." (*Id*. (citing *State v. Bradley*, 42 Ohio St. 3d 136 (citing *Strickland*, 466 U.S. at 689))).

The Ohio Court of Appeals found Miller had not established a claim of ineffective assistance of appellate counsel because his trial counsel was not ineffective for failing to object to the prosecutor's comments in closing argument. (ECF No. 9-1 at Ex. 35). The court found that the statements the prosecutor made were "all related to the state's attempt to deflect a defense related to why a victim would allow [the rape] to happen for years without reporting it sooner." (*Id*.). The court further found that the prosecutor's comments "were not random comments on character and did not unjustly construe the testimony provided at trial." (*Id*.). The Ohio Court of Appeals effectively found there was no evidence that Miller's trial or appellate counsel fell below an objective standard of care. The court agrees with the Ohio Court of Appeals. Miller has failed to

15

show that he was denied effective assistance of counsel on appeal. Thus, Miller fails to establish cause for his default and his Ground Five claim is procedurally defaulted.

V.   Recommendation

For the reasons explained above, the undersigned recommends that the Court take the following actions: (1) Sheldon's motion to dismiss the petition (ECF No. 9) should be DENIED; (2) the Court should dismiss Miller's Ground Five claim for relief as procedurally defaulted; (3) the Court should instruct Miller to elect, within 15 days, whether to dismiss his Ground Four, Six, Seven and part of Three claims for relief or dismiss his entire petition; and (4) if Miller elects to dismiss his Ground Four, Six, Seven and part of Three claims, Sheldon should be required to file the Return of Writ in this matter within 30 days of Miller's election. Should Miller fail to notify the Court of his election within 15 days, the Court should dismiss Miller's entire petition as a mixed petition.

DATED:  October 6, 2020

　　　　　　　　　　　　　　　　　　　　　　　　 *Carmen E. Henderson*
　　　　　　　　　　　　　　　　　　　　　　　　 **Carmen E. Henderson**
　　　　　　　　　　　　　　　　　　　　　　　　 **United States Magistrate Judge**

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).