UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TSHOMBE MILLER, | ) | CASE NO. 4:19-cv-2710 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN EDWARD SHELDON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Henderson. (Doc. No. 15 ["R&R"].) Neither petitioner nor respondent have objected to the R&R. For the reasons that follow, the Court accepts and adopts the R&R. Also, for the reasons discussed below, Miller's motion to dismiss certain grounds for relief (Doc. No. 17) is granted, and Miller's motion for financial assistance (Doc. No. 12) is denied.

**A. Background**

Petitioner Tshombe Miller ["Miller"] filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in the Mahoning County Court of Common Pleas, Case No. 2016 CR 00810 ("Criminal Case"). (Doc. No. 1 ["Pet."].) In the petition, Miller asserts seven grounds for relief:

> **Ground One:** Petitioner was denied due process of law pursuant to the Sixth and Fourteenth Amendment of the United States Constitution, had his right to protection against double jeopardy violated as the State failed to distinguish the alleged crimes through indictment, the bill of particulars and/or at trial.
> **Supporting Facts:** Carbon copy charing [*sic*] of multiple allegations of rape violate due process and/or double jeopardy pursuant to the United States Constitution.

**Ground Two:** Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution as there is no way to know that the jurors who convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.
**Supporting Facts:** Carbon copy charing [*sic*] of multiple allegations of rape violate a defendant's due process rights as to juror consensus on all charges.

**Ground Three:** Petitioner was denied due process of law pursuant to the Sixth and Fourteenth Amendment to the United States Constitution, had ineffective assistance of counsel at trial and on appeal when the State failed to provide petitioner with accusations through Indictment, Discovery, Bill of particulars, and/or Notice of intent to use evidence.
**Supporting Facts:** 1) The indictment, discovery, bill of particulars, and/or Notice of Intent to use evidence did not advise the petitioner of the nature and cause of the accusation. 2) Petitioner had not been provided with the necessary information to properly prepare for trial, and meet the State's case, and avoid surprise upon the trial.

**Ground Four:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States [*sic*] when trial counsel failed to challenge for cause or use peremptory challenge to excuse jurors from sitting on the jury.
**Supporting Facts:** 1) Jurors were not fair and impartial. 2) Jurors had personal relationship with prosecutors. 3) Jurors personal relationships with prosecutors, their jobs, and relatives infected their decisions to be fair and impartial.

**Ground Five:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to object to the prosecutor's improper comments during the closing arguments.
**Supporting Facts:** 1) Prosecutorial Misconduct; 2) Prosecutor improperly made comments to emotionally charge the jury.

**Ground Six:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to call defense witness to testify.
**Supporting Facts:** 1) Trial counsel failed to actively advocate his client's defense. 2) Trial counsel did not interview the witness, conduct any legal research, spent little time preparing for the petitioner's trial.

**Ground Seven:** Petitioner was denied the right of effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution when trial counsel failed to investigate a defense.
**Supporting Facts:** 1) Trial counsel's ineffective assistance to seek out and prepare a defense before the start of trial deprived Miller of his right to effective assistance of counsel and a fair trial. 2) Had Miller's medical records been circulated the outcome would have been different.

(*See* R&R at 584-85[1] (citing Pet.).)

Respondent moved to dismiss the petition (Doc. No. 9), which Miller opposed (Doc. No. 10). Respondent argued that the petition is a mixed petition containing exhausted and unexhausted claims and should be dismissed without prejudice to enable Miller to exhaust his state court remedies. (*See* Doc. No. 9 at 70; R&R at 580 (citing Doc. No. 9).)

This matter was referred to Magistrate Judge Henderson pursuant to Local Rule 72.2 for preparation of a report and recommendation on Miller's petition and respondent's motion to dismiss. Magistrate Judge Henderson issued a report recommending: (1) dismissing Ground Five as procedurally defaulted; (2) because Miller failed to exhaust his administrative remedies on Grounds Four, Six, Seven, and part of Three,[2] giving Miller the option to either dismiss those claims or have the entire petition dismissed; (3) denying respondent's motion to dismiss because Grounds One, Two, and part of Three have been exhausted and the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations "would likely" prevent Miller from filing a new § 2254 petition asserting all claims after completing his state post-conviction proceedings; (4) instructing Miller to make his election within 15 days and, if Miller elects to dismiss Grounds Four, Six, Seven, and part of Three, requiring respondent to file a return of writ within 30 days. (*See* R&R at 580-81, 595.)

Magistrate Judge Henderson informed the parties that any objections to the R&R must be filed within fourteen (14) days after being served with a copy of the R&R and that failure to do so

---

[1] Page number references are to page identification numbers generated by the Court's electronic filing system.

[2] "Miller's Ground Three claim for relief raises ineffective assistance of both his trial and appellate counsel. Miller exhausted his claim regarding ineffective assistance of his appellate counsel by raising this claim in his application to reopen his direct appeal pursuant to Ohio App. Rule 26(B). However, Miller failed to raise his claim regarding ineffective assistance of his trial counsel in any state proceeding. Therefore, the part of his Ground Three claim regarding ineffective assistance of his trial counsel is unexhausted." (R&R at 581 fn1.)

may waive the right to appeal the Court's order. (R&R at 595.) Sixty (60) days have passed since the R&R was published and neither party has filed an objection to the R&R. Rather, Miller filed a motion to dismiss his Grounds for relief Four, Six, Seven, and part of Three. (Doc. No. 17.)

### B. Discussion

Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

The failure to file written objections to the report and recommendation of a magistrate judge constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Petitioner is not represented by counsel. The docket of this case reflects that a copy of the R&R, issued on October 6, 2020, was mailed to Miller at his address of record that same day. There is no indication on the docket that the mailing was returned to the Court as undeliverable. Respondent is represented by counsel and received the R&R by electronic service. Neither having filed an objection, both Miller and respondent have waived any objection to the R&R.

### C. Conclusion

The Court accepts and adopts the magistrate judge's recommendation concerning Ground Five of the petition and finds that Ground Five is procedurally defaulted and is dismissed.

4

The Court further accepts the magistrate judge's recommendation concerning Miller's option to elect to dismiss his unexhausted grounds for relief – Grounds Four, Six, Seven, and part of Three (ineffective assistance of trial counsel). Miller has made that election and his motion to dismiss Grounds Four, Six, Seven, and part of Three (ineffective assistance of trial counsel) of the petition is granted.[3] (Doc. No. 17.)

Respondent shall file the Return of Writ on the petition's remaining grounds for relief within thirty (30) days from the date of this Order.

The Court accepts and adopts the magistrate judge's recommendation regarding respondent's motion to dismiss, and the motion to dismiss is denied. (Doc. No. 9.)

**IT IS SO ORDERED**.

Dated: December 18, 2020

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

[3] Also pending before the Court is Miller's motion for financial assistance. (Doc. No. 12.) In the motion, Miller asks the Court to provide him with $500.00 to investigate the cause of his procedurally defaulted claims and facts related to Grounds Six and Seven. Because Miller's procedurally defaulted claim, Ground Five, as well as Grounds Six and Seven have been dismissed, Miller's motion for financial assistance is moot and denied as such.