UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TSHOMBE MILLER, | ) | CASE NO. 4:19-cv-2710 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN EDWARD SHELDON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 21 ("R&R")) of Magistrate Judge Carmen E. Henderson, recommending that this Court deny petitioner Tshombe Miller's ("Miller") writ of habeas corpus petition under 28 U.S.C. § 2254 (Doc No. 1 (Petition)) in its entirety. Miller filed objections to the R&R.[1] (Doc. No. 30 (Objections).) Respondent filed neither a response to Miller's objections, nor his own objections. For the reasons discussed herein, Miller's objections to the R&R are OVERRULED and the R&R is ACCEPTED.

---

[1] The R&R was issued on February 23, 2022. (Doc. No. 24.) As the magistrate judge advised in her R&R, either party could file objections to the R&R within fourteen days after being served with a copy of the R&R. (*Id.* at 28.) On or around March 8, 2022, Miller mailed a letter to the Court asking for an extension of time to file objections because he was placed in restricted housing for 120 days without access to the law library. (Doc. No. 25, at 1–2; Doc. No. 25-1 (envelope).) The Court failed to rule on Miller's motion, which was buried in the last sentence of his letter. On April 19, 2022, the Court received another letter from Miller, which purported to be objections to the R&R but did not contain any analysis. (Doc. No. 27.) Given the issue with Miller's housing restrictions, the Court suspects that Miller filed these "objections" to try to avoid missing a deadline. Then, on May 26, 2022, Miller filed written objections to the R&R that included his analysis. (Doc. No. 30.) Although these objections were technically untimely, because this Court did not rule on Miller's request for an extension and because he represented good cause for an extension due to his restricted access to the law library, the Court will consider his objections as timely filed. The Court also notes that respondent did not file any objection to Miller's objections as being untimely filed.

All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

I. **BACKGROUND**[2]

Miller is currently serving a state sentence in Ohio for an aggregate prison term of four consecutive life sentences and forty-nine years in prison for rape and gross sexual imposition of his two biological daughters when they were minors. *See Ohio v. Miller*, 118 N.E.3d 1094, 1096–99 (Ohio Ct. App. 2018). Following his trial and conviction on all counts, Miller appealed to the Court of Appeals of Ohio, Seventh Appellate District ("Ohio Court of Appeals"), raising two assignments of error:

> 1. Appellant was denied due process of law pursuant to both the United States and Ohio constitutions, had his right to protection against double jeopardy violated and was further deprived his rights pursuant to Article I, Section 10 of the Ohio Constitution as the State failed to distinguish the alleged crimes through indictment, bill of particulars and/or at trial.
>
> 2. Appellant was denied due process of law pursuant to both the United States Constitution and Ohio Constitution as there is no way to know that the jurors who convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.

(Doc. No. 9-1, at 215.) On August 21, 2018, the Ohio Court of Appeals affirmed the judgment of the trial court. (*Id.* at 243.)

On September 17, 2018, Miller timely filed a pro se appeal notice to the Ohio Supreme Court, raising two propositions of law:

> 1. Appellant was denied due process of law pursuant to both the United States and Ohio constitutions, had his right to protection against double jeopardy violated and was further deprived his rights pursuant to Article I, Section 10 of the Ohio Constitution as the State failed to distinguish the alleged crimes through indictment, bill of particulars and/or at trial.
>
> 2. Appellant was denied due process of law pursuant to both the United States Constitution and Ohio Constitution as there is no way to know that the jurors who

---

[2] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background pertinent to Miller's objections to the R&R.

> convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.

(*Id.* at 264–75). The Supreme Court of Ohio declined to accept jurisdiction of the appeal. (*Id.* at 298.) Miller then filed a pro se petition for writ of certiorari in the Supreme Court of the United States. (*Id.* at 301.) The Supreme Court denied Miller's petition for writ of certiorari. (*Id.* at 337.)

On October 15, 2018, Miller applied to reopen his appeal pursuant to Ohio App. Rule 26(B) based on ineffective assistance of his appellate counsel. (*Id.* at 339.) On November 30, 2018, the Ohio Court of Appeals denied Miller's application. (*Id.* at 385.) Miller did not timely appeal this denial to the Supreme Court of Ohio because he never received the judgment entry. (*Id.* at 411.)

On November 6, 2019, Miller petitioned pro se that this Court issue a writ of habeas corpus. (Doc. No. 1.) After respondent moved to dismiss Miller's mixed petition, this Court gave Miller the option to either move to dismiss certain grounds that had not been exhausted or have his entire petition dismissed as mixed. (Doc. Nos. 15, 19.) Miller moved to dismiss the unexhausted grounds of his petition. (Doc. No. 17.) The Court granted the motion.[3] (Doc. No. 19.) Miller's petition was left with three possible grounds for relief:

> **GROUND ONE:** Petitioner was denied due process of law pursuant to the Sixth and Fourteenth Amendment of the United States Constitution, had his right to protection against double jeopardy violated as the State failed to distinguish the alleged crimes through indictment, the bill of particulars and/or at trial.
>
> **GROUND TWO:** Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution as there is no way to know

---

[3] After the R&R was issued, Miller filed a "motion for reconsideration," asking this Court to reconsider the Court's directive to Miller that he either move to dismiss unexhausted counts or have his entire mixed petition dismissed. (Doc. No. 28.) Three days after the Court received Miller's "motion for reconsideration" the Court received a "motion to dismiss the petitioner's motion for reconsideration" from Miller. (Doc. No. 29.) In his motion to dismiss, Miller contends that "[a]fter reviewing the habeas corpus law for unexhausted or procedurally defaulted claims[,] petitioner does recommend dismissing his claims." (*Id.*) Accordingly, this Court construes Miller's motion to dismiss as a motion to withdraw his motion for reconsideration. The motion to withdraw is GRANTED and, thus, the motion for reconsideration is DENIED as moot. (Doc. Nos. 28, 29.)

3

> that the jurors who convicted him reached a unanimous verdict as to each and every act because the acts in this case were not delineated.
>
> **GROUND THREE:** Petitioner was denied due process of law pursuant to the Sixth and Fourteenth Amendment to the United States Constitution, had ineffective assistance of counsel at trial and on appeal when the State failed to provide petitioner with accusations through Indictment, Discovery, Bill of particulars, and/or [n]otice of intent to use evidence.

On February 23, 2022, the magistrate judge issued an R&R recommending that this Court deny Miller's petition in its entirety. (Doc. No. 24.) Miller filed objections to "the entire report and recommendation because the claims are not meritless or procedurally defaulted." (Doc. No. 30, at 2.)

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A general objection—"[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"— is not considered a proper objection for the district court's de novo review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(b) (stating that any objecting party shall

file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). A general objection to an R&R has the same effect as a failure to object: a general objection waives de novo review by the district court and appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747–48.

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

### III. DISCUSSION

Miller filed objections to the R&R as it pertains to all three issues raised in his writ of habeas corpus petition. However, Miller fails to raise *proper* objections to any of the magistrate judge's findings. Miller uses his objections merely to reargue his habeas petition without pointing to any specific legal or factual error the magistrate judge made.

The fact that Miller disagrees with the magistrate judge's recommended disposition of his petition, is not, by itself, a proper objection. Miller does not argue that the magistrate judge misapplied any law or misconstrued any facts. Instead, Miller simply disagrees with how the magistrate judge applied the facts to the law, all while repeating the same arguments from his petition. Thus, Miller's objections fail because they are improper general objections that merely disagree with the magistrate judge's conclusions by restating the same facts and argument from his petition. For these reasons alone, the objections are properly overruled. But even if the Court were required to undertake an independent review, the Court finds that the R&R contains no error of law or fact.

1. **Ground One: "Carbon-copy" Indictment and Double Jeopardy**

In his first ground for relief, Miller argues that he was denied his Sixth and Fourteenth Amendment due process rights and his right to protection against double jeopardy because the State failed to distinguish his alleged crimes through the indictment, the bill of particulars, or at trial. He states that the "indictment, the bill of particulars, and/or testimony presented at trial failed to appraise [Miller] of what alleged occurrences formed the bases of the criminal charges he faced." (Doc. No. 22, at 13 (Traverse)). In his objections, Miller only reiterates that Child A and Child B (his biological daughters and victims) testified about one instance of rape that neither child mentioned to the State before trial. (Doc. No. 30, at 3–4.) Miller contends that this instance could not then form the basis of any charge in the indictment because the State did not know about this instance when charging Miller and, thus, his Sixth and Fourteenth Amendment rights were violated when the State offered this testimony at trial. (*Id.* at 4.)

6

Miller ignores that the State offered significant other testimony to support the charges brought against him. For sake of argument, even excluding the one instance in the basement on Cameron Street that Miller contends could not form the basis of his conviction, the children testified to enough other instances of rape to establish each count with which Miller was charged. As the Ohio Court of Appeals found:

> As to Child A, Appellant was convicted of five counts of rape of a child under 13, five counts of rape with force or threat of force (estimated to have occurred after she turned 13), and one count of gross sexual imposition of a child under 13. As for estimates, Child A testified Appellant made her perform fellatio too many times for her to count, he performed cunnilingus on her more than 10 times but less than 20 times, and he digitally penetrated her throughout the four years of abuse. Child A set forth her first memory of abuse as Appellant waking her up when they lived at a certain residence in a certain city when she was 10 years old, occurring after her tenth birthday (April 6, 2011) and closer to Appellant's birthday (June 22). She described the offense of gross sexual imposition whereby Appellant made her masturbate him. During this same memory, Appellant committed rape of a child under 13 by digitally penetrating her vagina. She remembered he later digitally penetrated her a second time when she was ten, stopped for a time, and then started again when she was 11. Digital penetration also occurred when she was 12. Appellant also forced her to perform fellatio when she was 12 and performed oral sex on her when she 12. **She clearly spoke of more than five instances of sexual conduct when she was under the age of 13**.
>
> As for the next five counts, which did not require the child to be under 13, digital penetration reoccurred when Child A was 14 (but not when she was 13). Appellant continued to make her perform fellatio when she was 13 and when she was 14, the last time occurring at his girlfriend's house just days before Children Services intervened. He continued to perform oral sex on her when she was 13 and when she was 14. She remembered him performing oral sex on her while they lived on Cameron (including during a threesome with Child B), on Glenwood, and on the west side (at Appellant's last girlfriend's house in 2015).
>
> When Child A was 13 and also when she was 14, Appellant subjected her to vaginal intercourse; this first occurred after they moved to Glenwood. One of the last times it occurred was in the bathroom at Appellant's girlfriend's house when the child's brother was downstairs playing a videogame. **She spoke of more than five instances of sexual conduct occurring after she turned 13.** Contrary to Appellant's argument on appeal, Child A did set forth testimony as to the acts corresponding to the counts and the state did not rely on estimates to satisfy the charges related to her. In fact, her estimates were greater than the number of counts filed against Appellant.

7

> As to Child B, Appellant was convicted of five counts of rape of a child under 13 and five counts of rape with force or threat of force (not involving a child under the age of 13). First, Child B provided the specific family residence (Plaza View apartments on the east side of Youngstown), location within the residence (Appellant's bed), and circumstances (why her mother was absent in the middle of the night) related to her first memory of sexual abuse by Appellant during which he digitally penetrated her vagina. Child B said digital penetration later occurred in the basement of the house on Cameron; she was under the age of 13 when they lived on Cameron. This occurred more than once for prolonged sessions. The digital penetration occurred so many times that she testified she could not count the incidents.
>
> Child B also testified she was forced to perform fellatio on Appellant starting after her twelfth birthday in 2014 and continuing into 2015. The described sexual conduct did not occur in the fall of 2014 but then reoccurred in the winter before Child B turned 13. Additionally, her older sister testified to an episode on Mother's Day while living on Cameron where Appellant forced each child to perform oral sex on the other child and then made Child B perform fellatio on him (while he performed oral sex on Child A). As to the five non-life counts which did not require the victim to be under the age of 13, Child B testified the sexual conduct occurred in the spring of 2015 and in the summer of 2015. As the sexual conduct continued, the child began running away from home in July 2015. There was testimony revealing the children were sometimes forced to perform fellatio on Appellant together. Finally, Child B testified Appellant made her perform fellatio too many times to count. She then specified it was more than 20 times between her twelfth birthday in 2014 and the summer of 2015.

*Miller*, 118 N.E.3d at 1102–04 (emphasis added).

As the magistrate judge correctly determined, to prevail on his habeas petition, "Miller must demonstrate that the court of appeals' decision was contrary to or an unreasonable application of clearly established Supreme Court precedent or that it is based on an unreasonable determination of the facts." (Doc. No. 24, at 17 (citing 28 U.S.C. § 2254).) As an initial matter, Miller fails to point to any unreasonable determination of the facts because the Ohio Court of Appeals found sufficient evidence to support his convictions, even setting aside the one incident on Cameron Street.

8

Miller does not seem to actually object to the magistrate judge's application of law, but, even if he did, without unnecessarily repeating the entirety of the thorough analysis in the R&R, this Court agrees with the magistrate judge's determination that "Miller failed to demonstrate that the court of appeal's rejection of his Sixth Amendment claim was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" (Doc. No. 24, at 17–19 (citing 28 U.S.C. § 2254(d)(1); and *Fathi v. Hoffner*, No. 1:13-cv-835, 2016 WL 6067951, at *7 (W.D. Mich. Oct. 17, 2016) ("Put simply, neither *Valentine* nor the cases cited therein are clearly established federal law. They cannot be relied upon to authorize habeas relief.")).)

### 2. Ground Two: Unanimous Verdict

In his second ground for relief, Miller argues that he was denied due process of law under the Fourteenth Amendment because "there is no way to know that the jurors who convicted him reached a unanimous verdict as to each and every act." (Doc. No. 1, at 8; *see also* Doc. No. 22, at 19.) He asserts that the carbon copying charging of multiple allegations of rape violated his right to have juror consensus on all charges, which Miller contends requires all jurors to agree upon the type of sexual conduct underlying each guilty charge. In his objections, Miller simply reiterates his argument from his petition that "it is impossible to know what counts the jury convicted on as to what conduct." (Doc. No. 30, at 5.[4])

---

[4] Miller also contends in his objections that the jury could not have been unanimous as to all counts because the jury "did not hear twenty-one separate claims of alleged abuse" (Doc. No. 30, at 5), but, as discussed above, the Ohio Court of Appeals found there was more than sufficient evidence to convict Miller on the number of counts with which he was charged and Miller has failed to demonstrate that the Ohio Court of Appeals' finding was unreasonable.

Fatal to Miller's petition, as the magistrate judge points out, is that Miller cannot cite to any federal constitutional requirement that the jury has to agree on the specific underlying sexual conduct for each guilty charge. Thus, Miller has failed to establish that the Ohio Court of Appeals' reliance on *State v. Thompson*, 33 Ohio St. 3d 1, 11 (1987), was contrary to any clearly-established federal constitutional right. *See Miller*, 118 N.E.3d at 1096–99 ("[T]here [is] no requirement for the reviewing court to have knowledge of the type of sexual conduct found by each juror[ because] '[t]he fact that some jurors might have found that appellant committed one, but not the other, type of rape in no way reduces the reliability of appellant's conviction, because a finding of either type of conduct is sufficient to establish the fact of rape in Ohio.'" (citing *Thompson*, 33 Ohio St. 3d at 11)). To be sure, there was no "clearly-established federal constitutional right to a unanimous verdict for conviction by a 12-member jury in a state criminal prosecution" at the time Miller was convicted. (Doc. No. 24, at 20–21 ("In fact, at the time of the Ohio Court of Appeals decision, the only relevant Supreme Court precedent, *Apodaca v. Oregon*, specifically concluded that a non-unanimous state court verdict did not violate the United States Constitution. 406 U.S. 404 (1972).").) And further undermining Miller's contention is the fact that he was convicted by a unanimous jury. (Doc. No. 9-1, at 113 (Trial Judgment Entry).) Having reviewed the R&R, this Court agrees with the magistrate judge's determination the Miller's second ground for relief lacks merit.

### 3. Ground Three: Ineffective Assistance of Appellate Counsel

In his third ground for relief, Miller argues that his appellate counsel was ineffective for failing to bring an assignment of error stating that Miller was denied due process of law when the State failed to provide him with accusations regarding a sexually transmitted disease ("STD). (Doc. No. 22, at 22.) In his objection, Miller only reiterates his argument from his original petition: that the trial judge should have prevented the State from saying in their closing arguments that Miller infected Child A and Child B with an STD because (1) the State did not include any mention of an STD in the

10

indictment, bill of particulars, or notice of intent to use evidence and (2) because Miller contends there was no evidence presented at trial that Miller had an STD.[5] (Doc. No. 30, at 6–8.)

As the magistrate judge correctly determined, appellate counsel cannot be ineffective for failing to raise an issue that lacks merit, (Doc. No. 24, at 24 (citing *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)))), and the Ohio Court of Appeals found that the issue Miller wanted raised did lack merit because Miller had adequate information to prepare a defense. *Ohio v. Miller*, 17 MA 0120, 2018 WL 6719800, at *2–3 (Ohio Ct. App. Nov. 30, 2018). Without unnecessarily repeating the entirety of the thorough analysis in the R&R, this Court agrees with the magistrate judge's determination that the Ohio Court of Appeals' decision was neither contrary to federal law nor an unreasonable application of the facts because (1) the Supreme Court of the United States does not require state charging documents to do anything more than put a defendant on notice of the charges against him so that he can prepare a defense; (2) the fact that the victims had the same STD is not an element of any of the charges against Miller; and (3) Miller nevertheless did have notice before trial of the State's intent to use the medical records. (*See* Doc. No. 24, at 24–27.) Thus, this Court agrees with the magistrate judge's determination that Miller's third, and final, ground for relief lacks merit.

---

[5] Miller's objection focuses heavily on his contention that there was no evidence that he had an STD himself. Nevertheless, Miller concedes that his third ground for relief contends that appellate counsel failed to raise as an issue on appeal that "the state failed to provide [Miller] with accusations regarding a sexually transmitted disease," (Doc. No. 30, at 6), not that there was insufficient evidence to find him guilty of the offenses charged. Even if Miller's claim for relief did claim insufficient evidence (and such claim were not procedurally defaulted), it would fail on the merits because (1) having and/or infecting a person with an STD was not an element of any crime with which Miller was charged; (2) the jury is allowed to draw reasonable inferences from the evidence that the State did present, namely that both Child A and Child B testified that they were raped by Miller on multiple occasions and that both Child A and Child B tested positive for the same STD; and (3) as discussed above, the Ohio Court of Appeals found that there was more than sufficient evidence for the jury to find Miller guilty as to each offense charged.

## IV. CONCLUSION

For the reasons set forth herein, Miller's motion to withdraw his motion for reconsideration is GRANTED and the motion for reconsideration is DENIED as moot (Doc. Nos. 28, 29); Miller's objections to the R&R are OVERRULED and the R&R is ACCEPTED; and Miller's petition for writ of habeas corpus is DENIED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 26, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**